IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| TATIANA BELASHOVA RENFRO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LORETTA E. LYNCH, United States Attorney General; LAURA K. McNEER, Field Office Director, Salt Lake City Field Office, United States Citizenship and Immigration Services,<br><br>　　　　　　　　Respondents. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR DE NOVO REVIEW<br><br><br>Case No. 2:15-CV-224 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Respondents' Motion to Dismiss Petition for De Novo Review. For the reasons discussed below, the Court will grant Respondents' Motion.

## I. BACKGROUND

Tatiana Belashova Renfro is a native and citizen of Russia. On April 30, 2004, she became a lawful permanent resident ("LPR") of the United States. On April 4, 2008, she pleaded guilty to Retail Theft (Shoplifting), a Class A Misdemeanor, in violation of Utah Code Ann. § 76-6-602. She was sentenced to 365 days with 363 days suspended, and was ordered to complete 24 months of probation. She successfully completed probation early on December 5, 2008. On March 2, 2009, she moved the Utah District Court to reduce the degree of her offense from a Class A to a Class B Misdemeanor, pursuant to Utah Code Ann. § 76-3-402. She sought this reduction "for employment and eventual expungement purposes." The court granted the reduction because Renfro "completed probation successfully."[1]

---

[1] Docket No. 19, at 4.

Renfro applied for naturalization on September 10, 2012.  Her application was denied because the U.S. Citizenship and Immigration Services ("USCIS") found that Renfro was barred from citizenship because her retail theft conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), and therefore she could not meet her required burden of proving good moral character.  Renfro requested a hearing, and on December 5, 2014, the USCIS reaffirmed its denial of Renfro's naturalization application.  Renfro believes that the USCIS has committed a legal error in determining that, even after the reduction in her charge, the conviction still meets the definition of an aggravated felony.  Renfro now seeks de novo review of the USCIS decision by this Court under 8 U.S.C. § 1421(c).

## II.  DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial,

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

Renfro cannot prevail on her claim as a matter of law.  "[I]t has been universally accepted that the burden is on the alien applicant to show [her] eligibility for citizenship in every respect."[7]  Any questions about eligibility for citizenship "should be resolved in favor of the United States and against the claimant."[8]  One of the requirements for naturalization is that the applicant be of "good moral character."[9]  The applicant must establish that she has met this requirement by a preponderance of the evidence.[10]  However, "[i]n determining whether the applicant has sustained the burden of establishing good moral character . . . the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration . . . the applicant's conduct and acts at any time prior to that period."[11]  Under 8 U.S.C. § 1101(f), certain acts disqualify an applicant from being regarded as a person of good moral character for immigration purposes.  One of these acts is if the applicant has "at any time . . . been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)."  Subsection (a)(43), explains that, among other things, "[t]he term 'aggravated felony' means . . . (G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."  The USCIS found that Renfro's initial sentence for her theft offense was 365 days, and therefore qualified as an aggravated felony, and a bar to her proving the good moral character necessary for citizenship.

---

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 637 (1967).

[8] *Id.*

[9] 8 U.S.C. § 1427(d).

[10] 8 C.F.R. § 316.2(b).

[11] 8 U.S.C. § 1427(e).

Renfro argues that the reduction of her offense from a Class A to a Class B Misdemeanor in state court through Section 76-3-402 of the Utah Code takes Renfro's offense out of the category of aggravated felony, thus removing the bar to proving good moral character.

The relevant portions of section 76-3-402 of the Utah Code[12] provide:

(1) If at the time of sentencing the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, and after having given any victims present at the sentencing and the prosecuting attorney an opportunity to be heard, concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute, the court may enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly.

(2) If the court suspends the execution of the sentence and places the defendant on probation, whether or not the defendant is committed to jail as a condition of probation, the court may enter a judgment of conviction for the next lower degree of offense:
(a) after the defendant has been successfully discharged from probation;
(b) upon motion and notice to the prosecuting attorney;
(c) after reasonable effort has been made by the prosecuting attorney to provide notice to any victims;
(d) after a hearing if requested by either party under Subsection (2)(c); and
(e) if the court finds entering a judgment of conviction for the next lower degree of offense is in the interest of justice.

Subsection (1) and (2) give different substantive reasons for why an offense of conviction may be reduced under the statute. Subsection (1) indicates that a court may reduce the degree of offense at the time of sentencing when it considers it substantively unfair under the circumstances. If, a court "concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute," then it can reduce the offense and "impose sentence accordingly."[13]

---

[12] The sections of the statute at issue here are the same as the 2008 version of the statute in effect when Renfro's offense was reduced.

[13] Utah Code Ann. § 76-3-402(1).

Subsection (2) indicates that a court may reduce the degree of offense retroactively for rehabilitative purposes such as upon successful completion of probation.  In subsection (2) cases, the reduction is not done at sentencing, but "the courts suspends the execution of the sentence and places the defendant on probation," and the court enters the reduced judgment of conviction, "after the defendant has been successfully discharged from probation."[14]

The Tenth Circuit analyzed the effect of Utah Code Ann. § 76-3-402 on subsequent immigration proceedings in *Cruz-Garcia v. Ashcroft*.[15]  *Cruz-Garcia* involved an order of removal for a conviction involving an aggravated felony.[16] The court held that offenses of conviction reduced under § 76-3-402 for rehabilitative purposes remain "convictions" for the purposes of removal under 8 U.S.C. § 1101(a)(48)(A), while those reduced for substantive or procedural defects do not.[17]  The "BIA partially changed its position on vacated or expunged convictions to allow removal of the convicted alien 'notwithstanding a subsequent state action purporting to erase all evidence of the original determination of guilt through a rehabilitative procedure.'"[18]  In other words, a conviction for an aggravated felony vacated "'on the legal merits' could not support removal," but "expungement 'through a rehabilitative procedure'" could.[19]  The court determined that subsection (1) of § 76-3-402 "clearly focus[ed] on matters leading up to and encompassed within the judgment of conviction, not on post-conviction events

---

[14] *Id.* § 76-3-402(2).

[15] 396 F.3d 1125 (10th Cir. 2005).

[16] An alien is ineligible for cancellation of removal if he has been convicted of an aggravated felony under the same definition that is used in the context of naturalization.

[17] *Cruz-Garcia*, 396 F.3d at 1128.

[18] *Id.* (quoting *In re Roldan-Santoyo*, 22 I & N. Dec. 512, 523, 1999 WL 126433 (BIA 1999)).

[19] *Id.* (quoting *In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378, 1379–80, 2000 WL 1375514 (BIA 2000)).

relating to the subsequent success or failure of rehabilitation."[20]  Therefore, reductions under subsection (1) erase a "conviction" for the purposes of immigration consequences, but reductions under subsection (2) do not.  Because Renfro's reduction was entered upon successful completion of probation, it must fall under subsection (2) and remains a conviction for purposes of immigration consequences.

The government relies on *Cruz-Garcia*, but also cites to *Esparza-Recendez v. Holder*,[21] an unpublished Tenth Circuit case that analyzes the effect of Utah Code Ann. § 76-3-402(2) upon a crime that would be defined as an aggravated felony for immigration purposes. "Unpublished decisions are not precedential, but may be cited for their persuasive value."[22]  In this case, the reasoning in *Esparza-Recendez* is persuasive.  Citing the BIA's *Matter of Pickering*,[23] the Tenth Circuit explained that "[t]he BIA has recognized 'a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships.'"[24]  The court further cited *Cruz-Garcia* and explained that "any reduction in offense level pursuant to subsections (1) or (3) [of Utah Code Ann. § 76-3-402] could preserve [Esparza-Recendez's] eligibility for cancellation of removal, but a reduction pursuant to the rehabilitative procedures of subsection (2) would not."[25]  Thus, under both *Cruz-*

---

[20] *Id.* at 1131.

[21] 526 F. App'x. 886 (10th Cir. 2013) (unpublished).

[22] 10th Cir. R. 32.1.

[23] *Matter of Pickering*, 23 I. & N. Dec. 621 (BIA 2003), *reversed on other grounds sub nom.*, *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006).

[24] *Esparza-Recendez*, 526 F. App'x at 890–91 (quoting *Matter of Pickering*, 23 I. & N. Dec. at 624).

[25] *Id.* at 891.

*Garcia* and *Esparza-Recendez*, Renfro's reduction under subsection (2) does not remove the bar to proving good moral character under 8 U.S.C. § 1101(f).

Renfro argues that *Cruz-Garcia* is irrelevant to her case because she concedes that her conviction is still a "conviction" for immigration purposes, but argues that because the statutory maximum penalty for a Class B Misdemeanor is only 180 days, she was not convicted of "a theft offense . . . for which the term of imprisonment [was] at least one year." Renfro argues that *Cruz-Garcia* only applies when sentences are vacated and that § 76-3-402 did not vacate her conviction for a Class A Misdemeanor and replace it with a conviction for a Class B Misdemeanor. She argues that, instead, § 76-3-402 functioned as an implicit retroactive sentence modification reducing her original sentence from 365 days to 180 days.

Renfro cites no Tenth Circuit precedent to support this position but cites inapposite BIA decisions and a decision of the Ninth Circuit. In *Cruz-Garcia*, the Tenth Circuit consistently referred to § 76-3-402 as a statute that vacates a prior conviction in order to lower the offense.[26] Therefore, her reduction vacated the offense of her conviction, but did not modify her sentence. She provides no independent evidence that the state court concurrently reduced her sentence when it reduced her offense of conviction or that it did so in a separate action, and it is her burden to do so. Since the vacatur of her conviction and sentence for rehabilitative purposes does not erase them for immigration purposes, and she has provided no evidence that the state court otherwise reduced her original sentence, the USCIS did not err in determining that she has been convicted of a theft offense for which the term of imprisonment was at least one year. This qualifies as an aggravated felony under § 1101(a)(43), and bars her from proving the good moral character necessary for naturalization.

---

[26] *Cruz-Garcia*, 396 F.3d at 1127–28.

III.  CONCLUSION

It is therefore

ORDERED that Respondents' Motion to Dismiss (Docket No. 19) is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Respondents and against

Petitioner, and close this case forthwith.

DATED March 17th, 2016.

BY THE COURT:

_____

Ted Stewart
United States District Judge